UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CALVIN GOMEZ,

Plaintiff,

v.

DR. DALE LUTES, DR. STEVE THOMAS, B. ANDERSON, LT. BEBOE, CPT. R.W. CALLAHAN, RICHARD STIFF, KATHLEEN HAWKES SAWYER, and UNITED STATES JUSTICE DEPARTMENT FEDERAL BUREAU OF PRISONS,

Defendants.

Civil No. 00-2522 (ADM/JGL)

REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate, has filed a complaint seeking relief for alleged violations of his federal constitutional rights. The matter is now before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted. It will therefore be recommended that the action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

[1] Plaintiff's complaint was accompanied by an application for leave to proceed in forma pauperis, ("IFP"). However, he did not tender the initial partial filing fee that prisoner IFP applicants are required to pay pursuant to 28 U.S.C. § 1915(b)(1). That omission was called to Plaintiff's attention by the Court's order of November 27, 2000. (Docket No. 4.) Plaintiff has now paid the required fee, (in fact, he has paid the full $150 filing fee), and the matter is therefore ripe for screening pursuant to § 1915A.

FILED DEC 08 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

In June 1993, Plaintiff was incarcerated at the Federal Correctional Institution ("FCI") in Oakdale, Louisiana. He sought counseling there from a prison psychologist, Defendant Dale Lutes. During the course of the next several months, Lutes allegedly forced Plaintiff, by threats of retribution and reprisal, to engage in various sexual activities with her. Plaintiff allegedly was coerced into such activities against his will on more than 100 occasions between August and December of 1993.

Sometime in December 1993, Defendant Lutes resigned from her position at FCI-Oakdale. Although Plaintiff continued to communicate with Lutes, directly and indirectly, for several more years, there are no allegations of any further misconduct by Lutes after 1993.

In June 1994, Petitioner was transferred to FCI-Memphis, Tennessee. While he was incarcerated there, he told another prison psychologist, Defendant Steve Thomas, about the sexual assaults committed by Defendant Lutes. Thomas said that he would look into the matter, but he apparently took no action on Plaintiff's accusations.

Plaintiff was transferred to FCI-Pekin, Illinois, in 1995, and Thomas later became a psychologist there. When Plaintiff met Thomas again in 1997, Plaintiff asked Thomas whether he had done anything about Lutes' alleged misconduct. Thomas told Plaintiff that he had done nothing about the matter, and Plaintiff never heard anything more on the subject from Thomas.

In January 1999, Plaintiff was transferred to FCI-Waseca, Minnesota, and he has remained there ever since. While at FCI-Waseca, Plaintiff reported the Lutes assaults to Defendant B. Anderson, a correctional officer at the prison. Plaintiff alleges that Anderson

should have referred his sexual assault report to the United States Office of Inspector General in Washington, D.C. In addition, even though there are no allegations suggesting that Plaintiff has suffered from any physical or psychological problems while at FCI-Waseca, he claims that Defendant Anderson "failed to insure that Plaintiff received proper medical and psychological assistance." (Complaint, [Docket No. 1], p. 10.)

Plaintiff further alleges that Defendant Anderson reported Lutes' alleged sexual assaults to another prison official at FCI-Waseca, Defendant Lt. Beboe. Plaintiff claims that Beboe, like Anderson, failed to report the alleged sexual assaults to the Office of Inspector General, and failed to insure that Plaintiff received proper medical and psychological assistance.

Plaintiff also is attempting to sue Cpt. R.W. Callahan, (who apparently is another prison official at FCI-Waseca), Richard Stiff, (the Warden at FCI-Waseca), Kathleen Hawkes Sawyer, (the Director of the Federal Bureau of Prisons), and the United States Department of Justice ("DOJ"). There are no allegations suggesting that any of these additional Defendants has any knowledge of the sexual assaults allegedly committed by Defendant Lutes. They are being sued because they allegedly failed to "insure that proper safety and security" procedures were adopted and followed in facilities operated by the Bureau of Prisons, ("BOP").

Plaintiff is seeking relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), for alleged violations of his federal constitutional

rights.[2] He claims that the named Defendants have violated his rights under the Eighth Amendment, by subjecting him to "cruel and unusual punishment," and by depriving him of his "basic human needs" and his right to "physical well being." (Complaint, pp. 11-12.) He is asking the Court to award him declaratory and injunctive relief, as well as compensatory damages.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from various governmental employees, his pleading is subject to initial screening pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed in its entirety, because Plaintiff

---

[2] The introductory paragraph of Plaintiff's complaint indicates that his claims are brought under 42 U.S.C. § 1983, which allows an individual to seek legal redress when his or her federal constitutional rights have been violated by a party who was acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988) (to state an actionable § 1983 claim, plaintiff must allege that defendant violated his constitutional rights while acting under color of state law). In this case, however, it appears that all of the named Defendants are federal agents. The functional equivalent of a § 1983 action for a person whose constitutional rights were allegedly violated by federal actors is provided by Bivens. See Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990) ("[a]n action under Bivens is almost identical to an action under § 1983, except that the former is maintained against federal officials while the latter is against state officials"). Plaintiff's complaint will therefore be construed as an attempt to bring a Bivens action.

has failed to state an actionable Eighth Amendment claim against any of the named Defendants.

A. Defendant Lutes

Plaintiff has failed to state a cause of action against Defendant Lutes, because his claims against her are barred by the statute of limitations. The deadline for bringing a § 1983 or Bivens civil rights action in federal court is determined by the personal injury statute of limitations for the state in which the action is brought. Sanchez v. U.S., 49 F.3d 1329, 1330 (8th Cir. 1995); Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc., 61 F.3d 608, 611 (8th Cir. 1995), cert. denied, 516 U.S. 1114 (1996). Civil rights actions brought in this District are therefore subject to the six-year limitations period set forth in Minnesota's personal injury statute, Minn.Stat. § 541.05, subd. 1(5). Egerdahl v. Hibbing Community College, 72 F.3d 615, 618, n. 3 (8th Cir. 1995), citing Berg v. Groschen, 437 N.W.2d 75, 77 (Minn.App. 1989).[3]

According to Plaintiff's complaint, he was last assaulted by Defendant Lutes in December 1993, just before she left the BOP. The complaint alleges no facts demonstrating any misconduct by Lutes after 1993. Plaintiff did not commence the present action, however, until November 15, 2000 – nearly a full year after the applicable six-year statute of limitations had expired. Thus, the Court finds that Plaintiff's claims against Lutes are time-barred. It will be recommended that the action be dismissed as to Lutes pursuant to § 1915A(b), because

---

[3] Even if Plaintiff's claims against Lutes were governed by the statute of limitations for the state in which those claims arose, i.e., Louisiana, his claims still would be time-barred, because the applicable limitation period under Louisiana law is only one year. Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989).

Plaintiff has failed to state an actionable claim against her. See Guy v. Swift and Co., 612 F.2d 383, 385 (8th Cir. 1980) ("[w]here it appears from the face of the complaint itself that the limitation period has run, an action is properly subject to dismissal for failure to state a claim").

B. Defendants Thomas, Anderson, Beboe, Callahan, Stiff, Sawyer and DOJ.

Plaintiff has also failed to state an actionable Bivens claim against any of the remaining Defendants, (Thomas, Anderson, Beboe, Callahan, Stiff, Sawyer and DOJ), because (a) there are no factual allegations suggesting that any of those Defendants violated Plaintiff's Eighth Amendment rights, and (b) there are no factual allegations suggesting that any of those Defendants caused Plaintiff any harm.

A prison official violates a prisoner's Eighth Amendment rights "if the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). In this case, Plaintiff has alleged no facts suggesting that Thomas, Anderson, Beboe, Callahan, Stiff, Sawyer or DOJ, had any knowledge of Lutes' alleged assaults against Plaintiff until after the last such assault had occurred. By the time any of the other Defendants became aware of what Lutes had allegedly done to Plaintiff, Lutes was no longer working for the BOP. In short, the complaint plainly shows that the other Defendants did not know what Lutes had allegedly done until after the fact.

The Court might view this matter differently if there were factual allegations suggesting that some of the other Defendants had known what Lutes was doing and could have taken steps to protect Plaintiff from Lutes. However, that is not the case here. Again, the complaint clearly shows that none of the other Defendants knew what Lutes allegedly was doing until after she left the BOP, and by that time Lutes no longer posed any risk of harm to Plaintiff.

There simply are no allegations in the complaint, which if proven true, would demonstrate that any of those other Defendants disregarded any known danger to Plaintiff's health, safety or well-being. Therefore, the complaint fails to state an actionable Eighth Amendment claim against any of those other Defendants.[4]

The Court also finds the complaint to be deficient because there are no allegations showing that any allegedly wrongful acts or omissions by any of the Defendants (other than Lutes) caused Plaintiff any harm. "Causation is an essential element" of a civil rights cause of action. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). To satisfy the causation element, a civil rights complainant must allege (and ultimately prove) that the defendants' alleged misconduct was "the 'moving force' behind her injury." Ware v. Jackson County, 150 F.3d 873, 884 (8th Cir. 1998), citing Board of County Commissioners v. Brown, 520 U.S. 397 (1997).

In this case, Plaintiff has alleged that the Defendants (other than Lutes) violated his constitutional rights by failing to properly respond to his reports of being assaulted by Lutes, and by failing to insure that he received "proper medical and psychological assistance." However, there are no allegations suggesting that Defendants' alleged omissions actually

---

[4] There are some vague allegations in the complaint suggesting that some of the Defendants allegedly failed to provide medical care to Plaintiff. Prison officials may violate an inmate's Eighth Amendment rights if they deliberately disregard a prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, Plaintiff has not alleged any facts suggesting that he has ever had any "serious medical needs" relating to the events described in his complaint. Moreover, even if he has had some "serious medical needs," there are no allegations suggesting that he ever communicated those needs to Defendants, or that Defendants deliberately disregarded any such needs. Therefore, Plaintiff has clearly failed to allege an actionable Eighth Amendment based on the principles discussed in Estelle v. Gamble.

caused any injury to Plaintiff; and there certainly is nothing to indicate that Defendants were the "moving force" behind any injuries that Plaintiff may have sustained. For this additional reason the complaint fails to state an actionable Eighth Amendment claim against Defendants Thomas, Anderson, Beboe, Callahan, Stiff, Sawyer and DOJ.

Finally, it appears that Plaintiff's claims are barred by 42 U.S.C. § 1997e(e). This statute, which was enacted as part of the PLRA, provides that:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury, suffered while in custody, without a prior showing of physical injury."

Plaintiff has not identified any physical harm or physical injury caused by any Defendant, with the possible exception of Lutes. If any of the other Defendants caused any injury to Plaintiff at all, (and again, no such injury is actually described in the complaint), it must have been a purely "mental or emotional injury." Because Plaintiff appears to be seeking damages from the Defendants (other than Lutes) merely for "emotional" and "psychological" harm, without presenting any allegations of any physical injury of any kind, his claims against those Defendants are barred by § 1997e(e). See Zehner v. Trigg, 952 F.Supp. 1318 (S.D.Ind. 1997), aff'd, 133 F.3d 459 (7th Cir. 1997); Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). For this additional reason, Plaintiff's complaint fails to state an actionable civil rights claim.[5]

---

[5] Plaintiff's claims against the DOJ are also barred by the doctrine of sovereign immunity, which holds that the United States and its agencies and instrumentalities are immune from suit, unless a waiver of such immunity has been "expressed unequivocally" by Congress. Manypenny v. U.S., 948 F.2d 1057, 1063 (8th Cir. 1991). See also In re: Russell, 155 F.3d 1012 (8th Cir. 1998) (per curiam). Congress has never waived the federal government's immunity from constitutional claims brought under Bivens. Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983) ("Bivens

## III. CONCLUSION

For the reasons discussed above, the Court finds that the facts alleged in Plaintiff's complaint, even if true, will not support an actionable Bivens claim against any of the named Defendants. It will therefore be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Because Plaintiff has already paid the full $150 filing fee for this action, (and the action is to be dismissed in any event), it will be recommended that Plaintiff's IFP application be denied as moot. It will also be recommended that Plaintiff's motion seeking appointment of counsel and an order prohibiting him from being transferred to another prison, (Docket No. 3), be denied, because Plaintiff has failed to state a claim on which relief can be granted. Lastly, it will be recommended that the dismissal of this action be counted as a strike against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **SUMMARILY DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1);

---

and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials");Schutterle v. U.S., 74 F.3d 846, 848 (8th Cir.) (the United States and its agencies "are not proper Bivens defendants because of sovereign immunity"), cert. denied, 517 U.S. 1210 (1996). Thus, sovereign immunity provides yet another reason to dismiss Plaintiff's claims against the DOJ.

2. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED AS MOOT**;

3. Plaintiff's motion for appointment of counsel and an order prohibiting his transfer to another prison, (Docket No. 3), be **DENIED**; and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: December 7, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Dec. 27, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.