**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Calvin Gomez,

Plaintiff,

v.

Dr. Dale Lutes, Dr. Steve Thomas,
B. Anderson, Lt. Beboe,
Cpt. R. W. Callahan, Richard Stiff,
Kathleen Hawkes Sawyer, and
U.S. Justice Department
Federal Bureau of Prisons,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2522 ADM/JGL

---

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge on Plaintiff Calvin Gomez's objections [Doc. No. 7] to United States Magistrate Judge Jonathan Lebedoff's December 7, 2000 Report and Recommendation ("R & R") [Doc. No. 6]. Judge Lebedoff recommends that the Court dismiss with prejudice Plaintiff's claims that Defendants violated Plaintiff's Federal Constitutional rights.[1] For the reasons set forth below, the Court adopts Judge Lebedoff's R & R in its entirety.

## II. BACKGROUND

Plaintiff, a federal prison inmate, filed claims against Defendants for allegedly violating

[1]Plaintiff also applied for leave to proceed in forma pauperis. Initially, Plaintiff failed to tender the partial filing fee required to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1). After this failure was brought to his attention, Plaintiff paid the fee. [Doc. No. 5]

FILED JAN 2 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D JAN 2 9 2001
DEPUTY CLERK

his Eighth Amendment rights.[2] Plaintiff alleges that Defendant Dr. Dale Lutes ("Dr. Lutes"), a former U.S. prison psychologist, forced him, "under threats of retribution and serious reprisal, to perform numerous sexual acts" with her. Compl. ¶ 22. The Constitutional allegations against the remaining Defendants concern failure to report Dr. Lutes' conduct and not providing Plaintiff with medical and psychological counseling subsequent to the alleged assaults. Compl. ¶¶ 35-45.

In this civil action, the Court is required to screen, "as soon as practicable after docketing," claims that Plaintiff, as a prisoner, brings against government officers, employees or entities. 28 U.S.C. § 1915A(a). Judge Lebedoff has set forth additional factual background in the R & R, which is incorporated by reference into this Order.

## III. DISCUSSION

A district court must review de novo those portions of an R & R that have been objected to, "and may accept, reject, or modify, in whole or in part," the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c)(2). After a de novo review, the Court finds Judge Lebedoff's analysis and recommendations well-reasoned and correct.

### A. Defendant Lutes

Plaintiff's *Bivens* claim against Dr. Lutes is barred by the statute of limitations. In a *Bivens* action, the personal injury statute of limitations in the state in which Plaintiff brings the

---

[2]Plaintiff's Complaint claims that Defendants violated his Federal Constitutional rights under 42 U.S.C. § 1983. Compl. at 1. Section 1983 applies only to state and local officers. A *Bivens* action is the functional equivalent of a § 1983 claim when the claim involves federal, rather than state, officials. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "An action under *Bivens* is almost identical to an action under § 1983, except that the former is maintained against federal officials while the latter is against state officials." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (citations omitted). Thus, as to individual Defendants, Plaintiff's claims are considered as *Bivens* claims.

action controls. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995). Thus, Minnesota's six-year statute of limitations applies to Plaintiff's claim against Dr. Lutes. Minn. Stat. § 541.05(1)(5).

Plaintiff avers that Dr. Lutes last sexually assaulted him in December 1993. Compl. at 6. Plaintiff commenced the present action on November 15, 2000, nearly one year after the six-year statute of limitations expired. "Where it appears from the face of the complaint itself that the limitation period has run, an action is properly subject to dismissal for failure to state a claim . . . ." *Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980) (citations omitted). Because the limitations period has expired, Plaintiff fails to state an actionable claim against Dr. Lutes.

**B. Remaining Defendants**

Plaintiff also states no actionable Eighth Amendment claim against Thomas, Anderson, Beboe, Callahan, Stiff, and Sawyer ("Defendants") because Plaintiff alleges no facts showing a disregard of a known risk to Plaintiff's health or safety which caused Plaintiff harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official violates a prisoner's Eighth Amendment rights when "the official knows of and disregards an excessive risk to inmate health or safety . . . ." *Id.* Plaintiff makes no allegations that he told anyone about Dr. Lutes's alleged assaults until June 1994. By that time Dr. Lutes, who resigned her job in 1993, no longer posed any risk to Plaintiff's "health and safety." As a result, Defendants' failure to report the allegations was not an actionable Eighth Amendment violation.

Plaintiff further alleges that Defendants failed to ensure that Plaintiff received "proper medical and psychological assistance" for his claimed injuries. Compl. at 10. A prison official who deliberately disregards a prisoner's "serious medical needs" may cause a prisoner to suffer

"cruel and unusual punishment," violating the prisoner's Eighth Amendment rights. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). However, Plaintiff's Complaint does not contain allegations that his medical needs were serious, that he told Defendants about those needs, and that Defendants then disregarded those needs.

In addition, to prevail on a civil rights claim Plaintiff must show that Defendants caused Plaintiff to suffer injury. *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Causation means that Plaintiff must show that Defendants' deliberate inaction "was the 'moving force' behind" the injuries that Plaintiff claims. *Ware v. Jackson County*, 150 F.3d 873, 884 (8th Cir. 1998) (quoting *Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997)). Plaintiff does not allege that any Defendant besides Dr. Lutes caused Plaintiff to suffer harm. Any alleged failure to report the allegations or provide Plaintiff "medical and psychological assistance" was not the "moving force" behind Plaintiff's injuries.

Furthermore, the Prison Litigation Reform Act of 1995 states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury, suffered while in custody, without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Even if Defendants "caused" Plaintiff injury, his complaint alleges "emotional" and "psychological" harm and not physical injury. In Plaintiff's R & R objections, Plaintiff alleges that the lack of medical attention caused him to suffer sexual dysfunction. Nevertheless, Plaintiff fails to allege that he suffered physical injury. *See Ashann-Ra v. Virginia.*, 112 F.Supp.2d 559, 566 (W.D. Va. 2000) (granting summary judgment against prisoner on claims alleging "emotional distress and sexual dysfunction [because] such psychosomatic conditions [do not] qualify as 'physical injury' . . . under § 1997e(e)."). Thus,

Plaintiff's alleged injury is not actionable as a matter of law.

The doctrine of sovereign immunity bars Plaintiff's claims against Defendant Department of Justice Federal Bureau of Prisons (sic). The doctrine immunizes the United States, its agencies, and instrumentalities from suit. *See Manypenny v. U.S.*, 948 F.2d 1057, 1063 (8th Cir. 1991). "*Bivens* and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials." *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982).

For the reasons discussed above, Plaintiff fails to state actionable Eighth Amendment claims against the Defendants. Plaintiff's Complaint is dismissed against all Defendants.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**;
2. Plaintiff's application for leave to proceed in forma pauperis [Doc. No. 2] is **DENIED AS MOOT**; and
3. Plaintiff's motion for appointment of counsel and an order prohibiting Plaintiff's transfer to another prison [Doc. No. 3] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Ann D. Montgomery
UNITED STATES DISTRICT JUDGE

Date: January 29, 2001

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.