**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CALVIN GOMEZ,

Plaintiff,

v.

DR. DALE LUTES, DR. STEVE THOMAS,
B. ANDERSON, LT. BEBOE,
CPT. R.W. CALLAHAN, RICHARD STIFF,
KATHLEEN HAWKES SAWYER, and
UNITED STATES JUSTICE DEPARTMENT
FEDERAL BUREAU OF PRISONS,

Defendants.

---

Civil No. 00-2522 (ADM/JGL)

**ORDER**

Plaintiff, a federal prisoner, filed a Notice of Appeal in this matter on February 27, 2001. (Docket No. 10.) He did not tender the filing fee for his appeal, however, so the Court of Appeals remanded the case to this Court to calculate and collect the initial partial filing fee required pursuant to 28 U.S.C. § 1915(b)(1). (Docket No. 12.)

On March 6, 2001, the Clerk of Court wrote a letter to Plaintiff, advising him that if he was unable to pay the full $105 filing fee for his appeal, he should complete and file an application seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 11.) The Clerk's letter further advised Plaintiff that he would have to file his IFP application within 30 days. A copy of the prescribed IFP application form was enclosed with the Clerk's letter.

It has now been more than two months since the Clerk advised Plaintiff that he would have to pay his filing fee or submit an IFP application. To date, however, Plaintiff still has not paid the filing fee, submitted an IFP application, or otherwise communicated with the Court.

MAY 0 7 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

According to Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997), the filing fee for Plaintiff's appeal became "assessed," and Plaintiff became obligated to pay that fee, when his Notice of Appeal was filed on February 27, 2001. Henderson further indicates that because Plaintiff has neither paid the filing fee, nor provided the financial information required to determine the proper amount of his initial partial filing fee under 28 U.S.C. § 1915(b)(1), he should be ordered to pay an initial partial filing fee in the amount of $35. Id. at 485. Finally, Henderson indicates that (i) prison authorities should be notified that Plaintiff's filing fee on appeal is to be paid in the manner prescribed by 28 U.S.C. § 1915(b), and (ii) a copy of this order should be sent to Plaintiff.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff shall pay an initial partial filing fee for his appeal in the amount of $35;

2. The remaining balance of the filing fee for Plaintiff's appeal shall be paid in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

3. A copy of this order shall be sent to all parties of record, and to prison officials at the institution where Plaintiff is currently confined.

Dated: May 7, 2001

ANN D. MONTGOMERY
United States District Court Judge

[1] Henderson directs the district courts to "continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith." Henderson, 129 F.3d at 485 (emphasis added). Because the instant Plaintiff has never actually applied for IFP status for his appeal, the good faith issue is not before the Court at this time.